Edwin J. Wilson, Jr. (Bar No. 48881)
Kurt C. Wendlenner (Bar No. 238434)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
94604-2047 Oakland, CA  94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928

Attorneys for Defendant
Port of Oakland

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY BROWN,<br><br>            Plaintiff,<br><br>    vs.<br><br>PORT OF OAKLAND,<br><br>            Defendant. | Case No.  C 08-02358SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(c)**<br><br>**Date:          July 25, 2008**<br>**Time:         9:00 a.m.**<br>**Courtroom:  10, 19th Floor** |

## I. INTRODUCTION AND SALIENT FACTUAL BACKGROUND

Plaintiff Terry Brown ("Brown"), a former employee of the Port of Oakland (the "Port"), asserts a claim for employment discrimination under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. Brown alleges that he was discriminated against because he is male, African-American, 49 years of age, and because of his (unspecified) religion and national origin. Complaint for Employment Discrimination, 2:9-14; EEOC Intake Questionnaire, attached to Complaint as Exhibit 1, attached to Declaration of Kurt C. Wendlenner in Support of Instant Motion ["Wendlenner Decl."], as **Exhibit A**[1] ; EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B**. He also claims retaliation "for pointing out who caused my injuries." Complaint for Employment Discrimination ["Complaint"], 2:15.

Brown acknowledges that he resigned form a position he held with the Port in 2001. EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B**; Typed EEOC Charge of Discrimination Attachment, attached to Complaint as Exhibit 1 or 3[2], attached to Wendlenner Decl. as **Exhibit C**. According to Brown, he has "been trying to get [his] job back since this day." *Id.* Brown alleges discrimination "[b]ecause they yet have [*sic*] not hired me back." EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B**. Brown cites no facts in support of his assertions.

Brown filed his charge with the Equal Employment Opportunity Commission on February 1, 2008. (*Id.*) Brown filed his Complaint on May 7, 2008, and served the same on the Port on June 2, 2008.

## II. LAW AND ARGUMENT

### A. Legal Standards on Motions to Dismiss Pursuant to Rule 12(b)(6).

A complaint will be dismissed under Rule 12(b)(6) where there is a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Robertson v.*

---

[1] Brown wrote the exhibit designations by hand, often making them eligible. Where this has occurred, and the Port has referenced these exhibits in the instant motion, the Port has attached copies of the referenced documents to the Declaration of Kurt C. Wendlenner in Support of the Instant Motion.

[2] The Port is unable to discern the numbering used by Brown on the exhibit.

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS - Case No. C 08-02358SI* - 2 -

*Dean Witter Reynolds, Inc.* 749 F.2d 530, 534 (9th Cir. 1984). Moreover,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 934 (2007).

A complaint will also be dismissed on the basis of a plaintiff's failure to file a given claim for relief within the applicable statue of limitations. Under that circumstance, the complaint fails to state a claim because the action is time-barred. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

Though a court is generally limited to facts alleged in the operative complaint, and exhibits attached thereto, a court may also consider judicially noticeable facts in deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Furthermore, a court may properly consider matters of public record including records and reports of admissible bodies. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986); *abrogated on other grounds*.

Brown pleads *no* set of facts in support of his claims. Furthermore, Brown has failed to file a charge of discrimination within the time frames prescribed by Title VII, the ADA, and the ADEA.

**1. Brown's Complaint Offers Only Conclusory Allegations, And Therefore, His Complaint Should Be Dismissed.**

Brown has failed to allege anything more than mere conclusions. The Port is not put on notice as to any alleged factual scenarios giving rise to any alleged discrimination. While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlincky v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Thus, the instant motion should be granted.

According to his Complaint, Brown resigned from his position with the Port in 2001. EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner

Decl. as **Exhibit B**; Typed EEOC Charge of Discrimination Attachment, attached to Complaint as Exhibit 1 or 3, attached to Wendlenner Decl. as **Exhibit C**. In his initial charge of discrimination, Brown alleges that he has "been trying to get [his] job back since this day" (*Id.*), and, that he has vaguely been discriminated against "[b]ecause they yet [*sic*] have not hired me back." EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B**.

Within his Complaint, Brown alleges: "I was forced to retire under emotional distress . . ." (Complaint, 2:17); "there has been an[*sic*] ongoing harassments[*sic*]," (*Id.* at 2:19); "I was yelld[*sic*] at, forced to sign papers, or and threatening[*sic*] my job ability [*sic*]," (*Id.* at 2:19-21); " . . . I was supposed to have made a threat to the Port of Oakland as[sic] like a terrorist," (*Id.* at 2:21-23. Following the allegations above, Brown states that he had filed charges with the EEOC for "not allowing me my job back." *Id.* at 3:1-3. In an EEOC Intake Questionnaire, attached to the Complaint, Brown vaguely alleges: "I was physically assaulted . . . I was mentally assaulted and my life was threatened . . . nothing was done." EEOC Intake Questionnaire, attached to Complaint as Exhibit 1, p.2., attached to Wendlenner Decl. as **Exhibit A**. In describing the "what reason(s) were given to you for the acts you consider discriminatory," Brown states: "John Kaehms . . . said I can fly airplanes [*sic*] I have my own. I deep sea dive. And hear[*sic*] I am stuck down here. (I didn't realize what he was saying." *Id.* at p. 3, *paren in original*.

Brown's Complaint, and associated attachments, contains *no* facts in support of his conclusory allegations. No legal theory is presented. In sum, Brown's Complaint is insufficient to defeat the instant motion.

**2.     Brown Filed His Charge Well After The Applicable Statutes Of Limitations Under Title VII, The ADA, And The ADEA Had Run, And Therefore His Complaint Should Be Dismissed.**

Under Title VII, the ADA, and the ADEA a charge must be filed within 180 or 300 days after the alleged unlawful employment practice occurred, depending on the particular circumstances. 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(d). Under Title VII, the ADA, and the ADEA, the limitations period begins to run the date that the alleged unlawful employment action takes place. *See* 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(d); *see also* 42 U.S.C. § 12117

1  – procedures enumerated in 42 U.S.C. §2000e-5 apply to ADA.  Specifically in hiring cases, the

2  charge-filing period begins to run on the date that the defendant decides not to fill the position

3  sought by the plaintiff.  *Gates v. Georgia Pacific Corp.*, 492 F.2d 292, 294-295 (9th Cir. 1974).

4  According to the face of the Complaint, Brown has been "trying to get [his] job back

5  since" 2001.  EEOC Charge of Discrimination, attached to Complaint as Exhibit 8; attached to

6  Wendlenner Decl. as **Exhibit B**; Typed EEOC Charge of Discrimination Attachment, attached to

7  Complaint as Exhibit 1 or 3; attached to Wendlenner Decl. as **Exhibit C**.  Brown filed his charge

8  with the EEOC on February 1, 2008.  EEOC Charge of Discrimination, attached to Complaint as

9  Exhibit 8; attached to Wendlenner Decl. as **Exhibit B**.  Because of this, Brown's charge was

10 rejected by the EEOC as being untimely.  *See* Dismissal and Notice of Rights, attached to

11 Complaint as Exhibit 6, attached to Wendlenner Decl. as **Exhibit D**.  Specifically, the EEOC

12 stated: "Your charge was not timely filed with the EEOC; in other words, you waited too long

13 after the date(s) of the alleged discrimination to file your charge."  *Id.*

14 As Brown failed to file his charge with the EEOC within the prescribed time period, his

15 Complaint should be dismissed under the dictates of Title VII, the ADA and the ADEA.

16 *Per arguendo*, should the Court not dismiss Brown's Complaint under Rule 12(b)(6),

17 undisputed facts indicate that summary judgment should be granted in favor of the Port on the

18 grounds that no genuine issue of material fact exists in this matter

19 **B.    Legal Standards on Motions For Summary Judgment Pursuant to Rule 56(c).**

20 Summary judgment is appropriate where no genuine issue of material fact exists and a

21 party is entitled to prevail in the case as a matter of law.  Fed. R. Civ. P. 56(c); *Bhan v. Nme*

22 *Hospitals, Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), *cert. denied*, 502 U.S. 994 (1991), *citing*

23 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The party requesting summary

24 judgment has the initial burden to show that there are no genuine issues of material fact.  *Bhan v.*

25 *Nme Hospitals, Inc.*, *supra*, 929 F.2d at 1409.  Once the moving party meets its initial burden, the

26 nonmoving party must go beyond the pleadings and, by its own affidavits or by the depositions,

27 answers to interrogatories, and admissions on file, come forth with specific facts to show that a

28 genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *see Hughes v. United States*, 953 F.2d

531, 541-542 (9th Cir. 1992). When the nonmoving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact. *See*, *United States v. 1 Parcel of Real Property*, 904 F.2d 487, 492 n.3 (9th Cir. 1990) *citing Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978).

### 1. Undisputed Facts.

The undisputed facts set forth herein are supported by Brown's Complaint, the attachments thereto, Equal Employment Opportunity Commission documentation, and the declarations of Gishela Portugal ("Portugal Decl.") and Kurt C. Wendlenner.

Brown resigned from a position he held with the Port on January 3, 2001. Portugal Decl., ¶2; *see also* EEOC Charge of Discrimination, attached to Complaint as Exhibit 3, attached to the Wendlenner Decl. as **Exhibit B**. Brown alleges discrimination "[b]ecause they yet [*sic*] have not hired me back." *Id.* Brown has not applied for, nor has he been considered for a position with the Port since at least January 16, 2001. Portugal Decl., ¶2.

Brown filed his charge with the EEOC on February 1, 2008. *Id.*; EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B.**

### 2. Brown Offers No Facts To Support A Prima Facie Case Of Discrimination.

Summary judgment is appropriate where no genuine issue of material fact exists and a party is entitled to prevail in the case as a matter of law. Fed. R. Civ. P. 56(c).

Brown resigned from a position he held with the Port on January 3, 2001. Portugal Decl., ¶2; *see also* EEOC Charge of Discrimination, attached to Complaint as Exhibit 3, attached to the Wendlenner Decl. as **Exhibit B**. Brown alleges discrimination "[b]ecause they yet have [*sic*] not hired me back." *Id.* Brown has not applied for, nor has he been considered for a position with the Port since at least January 16, 2001. Portugal Decl., ¶3.

As Brown has never applied for a job with the Port after he resigned, there is no conceivable way that the Port discriminated against him in not hiring him back.

///

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

### 3. Brown Failed To File His Charge Of Discrimination Within The Prescribed Time Limits Under Title VII, The ADA Or The ADEA.

No genuine issue of material fact exists in this matter. Undisputed facts irrefutably indicate that Brown filed a charge with the EEOC well after the applicable statute of limitations under Title VII, the ADA and the ADEA had run.

Filing a charge under Title VII, the ADA or the ADEA must be filed within 180 or 300 days, depending on the particular circumstances. 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(d). Under Title VII, the ADA, and the ADEA, the limitations period begins to run the date that the alleged unlawful employment action takes place. *See* 42 U.S.C. §2000e-5(e)(1); 29 U.S.C. § 626(d); *see also* 42 U.S.C. § 12117 – procedures enumerated in 42 U.S.C. § 2000e-5 apply to ADA. Specifically in hiring cases, the charge-filing period begins to run on the date that the defendant decides not to fill the position sought by the plaintiff. *Gates v. Georgia Pacific Corp.*, 492 F.2d 292, 294-295 (9th Cir. 1974).

Brown voluntarily retired from employment with the Port in 2001. EEOC Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B**; Typed EEOC Charge of Discrimination Attachment, attached to Complaint as Exhibit 1 or 3, attached to Wendlenner Decl. as **Exhibit C**. Brown claims discrimination against the Port for "not allowing me my job back." Complaint, 3:1-3. At least as far back as January 16, 2001, Brown never applied for, nor was he offered a position with the Port. Portugal Decl., ¶3. Therefore, even assuming that Brown had applied for a position with the Port up between January 2 and January 16, 2001, Brown's recent filing with the EEOC on February 1, 2008, was at least 6 years too late under Title VII, the ADA, and the ADEA. Charge of Discrimination, attached to Complaint as Exhibit 8, attached to Wendlenner Decl. as **Exhibit B**.

### III. CONCLUSION

Under Rule 12(b)(6), in filing a complaint, a plaintiff's obligation to provide the grounds for relief' require more than labels and conclusions. Here, Brown simply alleges discrimination without offering any facts in support thereof. A complaint will also be dismissed on the basis of a plaintiff's failure to file a given claim for relief within the applicable statue of limitations. Brown

failed to file his charge with the EEOC for roughly 7 years after the alleged discrimination took place – well after the time frames enumerated by Title VII, the ADA, and the ADEA. Therefore, the instant motion should be granted.

Under Rule 56(c) summary judgment is appropriate where no genuine issue of material fact exists. Brown voluntarily retired from employment with the Port in 2001. Brown claims discrimination against the Port for "not allowing me my job back." Filing a charge under Title VII or the ADA must be filed within 180 days after the alleged unlawful employment practice occurred. Under the ADEA, charges must be filed within 180 or 300 days of the alleged violation. At least as far back as January 16, 2001, Brown never applied for, nor has he been considered for a position with the Port. Thus, Brown's recent filing with the EEOC on February 1, 2008 was not timely.

Dated: June 20, 2008                    Wendel, Rosen, Black & Dean LLP


By: /s/ Edwin J. Wilson, Jr.
    Edwin J. Wilson, Jr.
    Attorneys for Defendant
    Port of Oakland

*MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS - Case No. C 08-02358SI*     - 8 -

919191.9191\899429.1