Edwin J. Wilson, Jr. (Bar No. 48881)
Kurt C. Wendlenner (Bar No. 238434)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Post Office Box 2047
94604-2047 Oakland, CA  94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928

Attorneys for Defendant
Port of Oakland

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY BROWN, | Case No.  C 08-02358SI |
| Plaintiff, | **CASE MANAGEMENT STATEMENT** |
| vs. | Date:       August 22, 2008<br>Time:      2:00p.m. |
| PORT OF OAKLAND, | Courtroom:  10, 19th Floor |
| Defendant. | |

Defendant Port of Oakland (the "Port") submits the following Separate Case Management Conference Statement pursuant to FRCivP 26(f).

**1.     Jurisdiction and Service**: Plaintiff Terry Brown ("Brown"), a former employee of the Port has filed this action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.  All parties have been served and have appeared in the action.

**2.     Facts:**  Brown asserts that he was discriminated against because he is male, African-American, 49 years of age, and because of his (unspecified) religion and national origin. He also claims retaliation "for pointing out who caused my injuries."

**3.     Legal Issues:**  Whether Brown applied for and was qualified for employment with the Port; whether the Port considered Brown for employment and rejected him because of his protected class status, whether Brown has exhausted his administrative remedies, the nature and

extent of any damages sustained by Brown and whether the Port acted with a nondiscriminatory and legitimate business reason in its actions toward Brown.

**4.    Motions:**  The Port has filed motions pursuant to Rule 12(b) and Rule 56 on the grounds that Brown failed to allege facts sufficient to support his claims, that his claims are barred because of the failure to exhaust his administrative remedies, that the uncontested evidence establishes that Brown did not apply nor was he considered for a position with the Port within the applicable statute of limitations and that no discriminatory or retaliatory action was taken by the Port against Brown because of his disability, age, race or natural origin.

**5.    Amendment of Pleadings:**  In light of the substance of the pending dispositive motions, it would appear that leave to amend would not be appropriate.

**6.    Evidence Preservation:** To the extent that the Port understands the nature of the vague claims advanced by Brown, it has identified no documents relevant to any application for employment, nor any action taken with respect to any application.  It is believed that no application for employment was ever made by Brown.

**7.    Disclosures:**  The parties have been relieved of the Initial Disclosure Requirements, per administrative order of the Court, pending further case management scheduling and the resolution of the pending dispositive motions.

**8.    Discovery:**  No discovery has been commenced and the parties have been relieved of the case planning conference requirements of Rule 26, per administrative order of the Court.

**9.    Class Actions:**  N/A

**10.   Related Cases:** None known

**11.   Relief:**  Unknown to the Port.

**12.   Settlement and ADR:**  The Port believes that neither settlement discussions nor ADR are appropriate in light of the issues raised by the dispositive motions.

**13.   Consent to Magistrate for All Purposes:**  Brown has refused to consent to a Magistrate for all purposes.

**14.   Other References:**  The Port believes that other references are not appropriate.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

**15.    Narrowing of Issues:** The Port believes that the pending motions will be dispositive of the entire case.

**16.    Expedited Schedule:** If the case pending motions fail to dispose of the entire case, the Port believes that the case can be handled on an expedited basis.

**17.    Scheduling:** The parties have been relieved of the initial disclosure requirements per administrative order pending further case management scheduling.

**18.    Trial:** Neither the Plaintiff nor the Port has requested a jury trial. The Port estimates that a non-jury trial would last less than one day.

**19.    Disclosure of Non-party Interested Entities or Persons:** Since the Port is a government entity, this is not applicable

**20.    Other Matters as may facilitate the just speedy and inexpensive disposition of this matter:** No other matters are known at this time.

Dated: August 4, 2008                              WENDEL, ROSEN, BLACK & DEAN LLP

By: */s/ Edwin J. Wilson, Jr.*
Edwin J. Wilson, Jr.
Attorneys for Defendant
Port of Oakland

**PROOF OF SERVICE**

I, Louis Agront, declare:

I am a citizen of the United States and am employed in Alameda County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1111 Broadway, 24th Floor, Oakland, California 94607-4036. On August 4, 2008, I served a copy of the within document(s):

CASE MANAGEMENT STATEMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. The facsimile machine I used complied with California Rules of the Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of the Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Proof of Service.

☐ at my business address identified above by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, and by placing the envelope, addressed as set forth below, for deposit in the United States Postal Service that same day in the ordinary course of business. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed UPS envelope with overnight deliver fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address(es) set forth below, and causing the envelope to be delivered that same date to a UPS courier or driver authorized by the express service carrier to receive documents for delivery.

☒ by personally delivering true and correct copies of the document(s) listed above in a sealed envelope, addressed to the person(s) at the address(es) set forth below, by leaving the envelope, which was clearly labeled to identify the attorney(es) being served, with the receptionist or other person apparently in charge at the address(es) set forth below.

☒ See attached service list

☒ I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2008, at Oakland, California.

*/s/ Louis Agront*
Louis Agront

007137.0151\903287.1

**Service List**

Terry Brown  *Plaintiff in Pro Se*
915 E. 21st Street
Oakland, CA  94606
(510) 967-6872

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

007137.0151\903287.1   - 2 -

PROOF OF SERVICE