IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY BROWN,

        Plaintiff,

  v.

PORT OF OAKLAND,

        Defendant.

No. C 08-02358 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant has filed a motion to dismiss or, in the alternative, a motion for summary judgment. The motion is scheduled for hearing on August 22, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss.

**BACKGROUND**[1]

Plaintiff Terry Brown has filed a *pro se* complaint alleging that defendant the Port of Oakland has discriminated against him on the basis of plaintiff's race, sex, disability, and national origin, and has retaliated against him, in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act. Plaintiff's complaint states that he is a forty-nine year old African-American male who has a mental disability. Plaintiff's complaint alleges that he

---

[1] The following background facts have been taken from plaintiff's complaint.

was hired by defendant in May 1995. In 2001, plaintiff either "unknowingly retired from [his] position," Complaint at ex. 5, or was forced to retire from his position, Complaint at 2. The complaint appears to allege that plaintiff sought to be rehired by defendant after he retired, but that defendant refused to rehire him. The complaint further alleges that plaintiff was physically assaulted on the job by a fellow employee in 1998 and was mentally assaulted on the job by two fellow employees in 1999, and that defendant retaliated against him when plaintiff tried to make known the names of the employees who caused his injuries. The complaint provides no factual allegations about plaintiff's attempts to be rehired by defendant and no factual allegations about how defendant discriminated against plaintiff on the basis of his age, race, national origin, or disability. Now before the Court is defendant's motion to dismiss plaintiff's complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant moves to dismiss plaintiff's complaint for failure to state a claim because plaintiff has failed to allege any facts regarding defendant's alleged discrimination, and instead has put forth only conclusory allegations that defendant discriminated against him. Plaintiff has filed no opposition to the motion, and the Court agrees with defendant that plaintiff's complaint must be dismissed for failure to state a claim. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."). While plaintiff's complaint states that defendant discriminated against plaintiff, the complaint contains no allegations of facts supporting that claim. The complaint fails to inform both the Court and defendant why plaintiff believes he was the victim of discrimination; what actions defendant took that demonstrate discrimination; whether he was able to perform his job duties, with or without accommodation; or when plaintiff applied for and was rejected from new positions with defendant. Because plaintiff retired from his position with defendant in 2001, the Court is also concerned that plaintiff's claims may have been filed too late; "forced retirement" in 2001 may not fall within the applicable statute of limitations, and the complaint fails to put forth any facts supporting plaintiff's assertion that defendant has discriminated against plaintiff as recently as 2007. For all of these reasons, plaintiff's complaint must be dismissed, and the Court need not reach defendant's alternative motion for summary judgment.

The Court will grant plaintiff leave to amend his complaint. The Court has been informed that plaintiff may be seeking the assistance of an attorney. In order to give plaintiff ample time to find counsel, the deadline for filing the amended complaint will be September 15, 2008

3

**CONCLUSION**

For all of the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and DENIES AS MOOT defendant's motion for summary judgment [Docket No 17]. **Should plaintiff wish to do so, he may file an amended complaint by September 15, 2008.**

**IT IS SO ORDERED.**

Dated: August 13, 2008

SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TERRY BROWN,

        Plaintiff,

v.

PORT OF OAKLAND et al,

        Defendant.
_____/

Case Number: CV08-02358 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry Brown
915 E 21st Street
Oakland, CA 94606

Dated: August 13, 2008

        Richard W. Wieking, Clerk
        By: Tracy Sutton, Deputy Clerk