IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY BROWN,

        Plaintiff,

  v.

PORT OF OAKLAND,

        Defendant.

           No. C 08-02358 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant has filed a motion to dismiss plaintiff's first amended complaint. The motion is scheduled for hearing on November 21, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES both the hearing and the Case Management Conference scheduled for November 21, 2008. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss without leave to amend.

**BACKGROUND**

This action was filed in May, 2008. In June, 2008, defendant filed a motion to dismiss the complaint, for failure to state a claim. On August 13, 2008, this Court granted defendant's motion with leave to amend. The Court described the facts of the case in its August 13, 2008 Order as follows:[1]

> Plaintiff Terry Brown has filed a *pro se* complaint alleging that defendant the Port of Oakland has discriminated against him on the basis of plaintiff's race, sex, disability, and national origin, and has retaliated against him, in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with

---

[1] The facts were taken from plaintiff's complaint. [Docket No. 1]

Disabilities Act. Plaintiff's complaint states that he is a forty-nine year old African-American male who has a mental disability. Plaintiff's complaint alleges that he was hired by defendant in May 1995. In 2001, plaintiff either "unknowingly retired from [his] position," Complaint at ex. 5, or was forced to retire from his position, Complaint at 2. The complaint appears to allege that plaintiff sought to be rehired by defendant after he retired, but that defendant refused to rehire him. The complaint further alleges that plaintiff was physically assaulted on the job by a fellow employee in 1998 and was mentally assaulted on the job by two fellow employees in 1999, and that defendant retaliated against him when plaintiff tried to make known the names of the employees who caused his injuries. The complaint provides no factual allegations about plaintiff's attempts to be rehired by defendant and no factual allegations about how defendant discriminated against plaintiff on the basis of his age, race, national origin, or disability.

*See* Order Granting Defendant's Motion to Dismiss the Complaint ("August 13 Order"). [Docket No. 28] Plaintiff filed a first amended complaint ("FAC") on September 5, 2008. Now before the Court is defendant's motion to dismiss plaintiff's first amended complaint.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

2

1 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
2 quotation marks omitted).

## DISCUSSION

Defendant moves to dismiss plaintiff's FAC for failure to state a claim because plaintiff has failed to plead facts in support of his allegation that defendant discriminated against him.[2] The Court agrees. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

In its August 13 Order, the Court held that plaintiff's complaint was deficient because plaintiff alleged no facts supporting his claim that defendant discriminated against him. For example, the complaint failed to inform either the Court or defendant why plaintiff believes he was the victim of discrimination; what actions defendant took that demonstrate discrimination; whether he was able to perform his job duties, with or without accommodation; or when plaintiff applied for and was rejected from new positions with defendant.

Plaintiff has failed to remedy these deficiencies in the FAC. In support of his FAC, plaintiff provides exhibits consisting of documents from a previous workers' compensation claim (which appear to show that defendant provided alternative work to plaintiff in November, 2000), doctors' notes detailing plaintiff's medical conditions and rehabilitation, the Port of Oakland's harassment policy, photographs of trucks where plaintiff worked, and personal notes from plaintiff. None of these documents supplies facts that support plaintiff's contention that defendant discriminated against him. In the FAC, plaintiff simply repeats his allegation that he reapplied to his job and that a supervisor called him a terrorist. FAC, at 1-2. This allegation does not establish that defendant discriminated against plaintiff on the basis of his race, age, national origin, or sex.

Defendant also argues that plaintiff's claims should be dismissed because they are time barred. The Court agrees. Depending on the circumstances, a charge of discrimination under Title VII, the ADA, or the ADEA must be filed within 180 or 300 days after the act of discrimination. *See* 42 U.S.C.

---

[2] Plaintiff has filed a case management statement in lieu of an opposition to defendant's motion to dismiss. [Docket No. 42]

3

§ 2000e-5(1); 29 U.S.C. § 626(d). In this case, the alleged act of discrimination presumably occurred in 2001, when defendant did not rehire plaintiff. Plaintiff filed his complaint on May 7, 2008, long after the statutory period for filing a claim had elapsed.[3] Plaintiff alleges that defendant's discrimination continues "to this day," *see* FAC ¶ 8, but he does not provide any facts to substantiate this claim. For example, he does not state when he reapplied for his job with defendant or in what way his rejection was due to discrimination by defendant. Therefore, the Court finds that plaintiff's claim is time barred.

Accordingly, the Court finds that plaintiff's FAC is deficient because it fails to plead facts to support plaintiff's allegations of discrimination and because his claim is time barred. Plaintiff failed to remedy these deficiencies when he filed his amended complaint and the Court does not find that he would be able to do so if granted leave to amend once again.

## CONCLUSION

For all of the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss without leave to amend. This action is dismissed with prejudice. [Docket No. 33]

**IT IS SO ORDERED.**

Dated: November 17, 2008

SUSAN ILLSTON
United States District Judge

---

[3] Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2008. *See* Complaint, at ex. 5. The EEOC dismissed the complaint because plaintiff's charges were untimely. *See* Complaint, at ex. 6.

4